UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CALVIN DEAN PETERS,

    Petitioner,

v.                                                         No. 21-CV-1141-MV-LF
                                                               91-CR-395-MV-LF

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Calvin Dean Peters' Pro Se Motion to Vacate, Set Aside, or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 (the "Motion"). (CV Doc. 1; CR Doc. 355).[1] This is Petitioner's third § 2255 habeas petition arising from the above-captioned criminal case. (See CR Docs. 295, 349, 355). Because the Court lacks jurisdiction to consider successive § 2255 motions without prior authorization from the Tenth Circuit, the Motion will be dismissed without prejudice.

### BACKGROUND

In 1995, a jury found Petitioner guilty of Aggravated Sexual Abuse on an Indian Reservation and Aggravated Burglary on an Indian Reservation. (See Cr. Doc. 9/26/1996); *see U.S. v. Peters*, 232 F.3d 903 (Table) at *1 (10th Cir. 2000). The Court (Hon. Santiago Campos) sentenced him to 210 months in federal custody, to be served after the completion of a 92-year state sentence imposed in 1990. *See Peters*, 232 F.3d 903 at *1.

---

[1] Unless otherwise noted, all docket references are to the civil case.

In 1999, Petitioner filed his first § 2255 petition. The petition, based primarily on ineffective assistance of counsel, was denied. (Cr. Doc. 295). Petitioner's appeal of that ruling was unsuccessful. *Peters*, 232 F.3d at *1-2. Petitioner filed a second § 2255 petition in 2008. (Cr. Doc. 349). In the second petition, Petitioner claimed, inter alia, that at trial the Court made erroneous evidentiary rulings, and that he received ineffective assistance of counsel and was denied due process. (Cr. Doc. 349 at 6-8). The Court (Hon. William Johnson) dismissed the 2008 petition as successive and denied a certificate of appealability. (Cr. Docs. 350, 354).

In 2020, the state court dismissed, on double jeopardy grounds, two counts of aggravated battery and two counts of kidnapping, resulting in a reduction of his state sentence from 92 to 72 months. *See State of New Mexico v. Peters*, D-1116-CR-9200608, 11/24/2020 CLS: Judgment/Sentence/Commitment. As amended, the state court judgment includes convictions on two counts of aggravated burglary, one count of armed robbery, and three counts of criminal sexual penetration. *Id.* Petitioner is presently serving his state sentence on those convictions.

Within a year of the amendment of the state court judgment, Petitioner filed the present Motion. He claims that because his 1995 federal sentence was enhanced based on the 1990 state convictions, he is entitled to resentencing now that some of those convictions have been vacated. (Doc. 6 at 8). He also claims that he was denied the right to effective assistance of counsel at sentencing and that his federal sentence does not satisfy the "like punishment" clause of 18 U.S.C. § 13. (Id. at 7-8). In a subsequently filed motion to amend (Doc. 6), petitioner seeks to add a claim of ineffective assistance of counsel to this habeas action. (See Doc. 6 at 3).

## DISCUSSION

By statute, Federal District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the

defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See id.* ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, Defendant files a successive § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interests of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Id.* at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or
> (2) a new rule of constitutional law, made retractive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As to the issue of merit, Petitioner does not rely on a new and previously unavailable rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court under 28 U.S.C. § 2255(h)(1). Instead, he relies primarily on the vacatur of four of his state convictions on double jeopardy grounds, implicitly invoking § 2255(h)(2). But in the context of § 2255(h)(2), the Tenth Circuit recognizes a distinction between claims "based on newly discovered evidence suggestive of innocence," *Prost v. Anderson*, 636 F.3d 578, 583-84 (10th Cir. 2011), also known as "factual" innocence, on the one hand, and "legal" innocence, *i.e.*, procedural defects

invalidating a conviction, on the other hand. *U.S. v. Maravilla*, 566 F. App'x 704, 708 (10th Cir. 2014). Between the two, only claims of factual innocence based on newly discovered evidence lend merit to a successive habeas petition. *Id.* at 708; *Prost*, 636 F.3d at 583-84; *accord* 28 U.S.C. § 2255(h)(2) (newly discovered evidence must prove by a preponderance that "no reasonable *factfinder* would have found the movant guilty of the offense") (emphasis added).

Petitioner's claim is not based on newly discovered evidence showing his factual innocence. Rather, it is based on a legal determination by the state court. *See, e.g., State v. Swick*, 279 P.3d 747, 752 (N.M. 2012) ("A double jeopardy challenge is a constitutional question of law[.]"). The state court's vacatur on that ground does not affect the jury's factual determination in the state criminal case that Petitioner was guilty of the charged conduct. Petitioner's claim is therefore not reasonably meritorious under § 2255(h)(2). Petitioner's remaining claims—*i.e.*, that he received ineffective assistance of counsel and that his sentence does not comport with 18 U.S.C. § 13, are not based on newly discovered evidence or a new rule of constitutional law. Therefore, they lack merit under § 2255(h).

The issue of timeliness weighs neutrally. Petitioner claims that the Motion is timely under the one-year limitations period in § 2255(f)(4), which runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." For the limited purpose of this Memorandum Opinion and Order, the Court assumes without deciding that the limitations period was triggered by the state court's November 24, 2020, amended judgment—in other words that the *fact of the amendment* supports Petitioner's habeas claim arising from the state court's amended judgment such that the Motion is timely under § 2255(f)(4) as to that claim. The remaining claims, however, are clearly time barred. The Motion was filed more than 24 years after the effective date of the Antiterrorism and Effective Death

penalty Act ("AEDPA"). *U.S. v. Miller*, 124 F. App'x 634, 635 (10th Cir. 2005) (holding that prisoners whose convictions became final on or before April 24, 1996 were required to file motions pursuant to 28 U.S.C. § 2255 on or before April 24, 1997).

The issue of good faith also weighs neutrally. As Petitioner is pro se, and because the legal issue arising from the amended state court judgment is somewhat nuanced, there is no reason to conclude that he acted in bad faith in pursuing a successive habeas motion to pursue that claim. On the other hand, as the Court has twice previously considered and denied habeas relief for ineffective assistance of counsel and has previously denied Plaintiff's successive habeas motion, it appears that Petitioner was aware of the jurisdictional bar when he filed the instant Motion.

For these reasons, Petitioner's successive 2255 Motion lacks merit and there is not a sound basis to transfer the Motion to the Tenth Circuit. The Court will dismiss this matter for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this determination is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Calvin Dean Peters' Pro Se Motion to Vacate, Set Aside, or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 355) is **DISMISSED** without prejudice for lack of jurisdiction, a certificate of appealability is denied, and a separate judgment will be entered closing the case.

**IT IS FURTHER ORDERED** that Petitioner's Pro Se Request for Leave to File an Amended 28 U.S.C. Section 2255 Motion to Vacate, Set Aside, or Correct a Federal Sentence (Doc. 6), Petitioner's Pro Se Motion for Evidentiary Hearing, etc., (Doc. 7), and Petitioner's Pro

Se Motion for Appointment of Counsel (Doc. 8) are **FOUND AS MOOT**.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE